

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 0078

-------------------------------
TBS MIDDLE EAST CARRIERS, LTD.,

                           :

                Plaintiff,     :    **ECF**

                           :    **<u>VERIFIED COMPLAINT</u>**

        -against-         :

                           :

AL-KHALEJIA LOCAL FOR AGGREGATES,  :

                           :

                Defendant.    :

-----------------------------------x

        Plaintiff, TBS MIDDLE EAST CARRIERS, LTD., ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, AL-KHALEJIA LOCAL FOR AGGREGATES ("Defendant"), alleges, upon information and belief as follows:

<u>JURISDICTION</u>

        1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

<u>THE PARTIES</u>

        2.    At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of the Marshall Islands.

        3.    At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Abraq Khaitan, Near National Bank - Zeena

Commercial Complex, 5th Floor, Office No. 6, Kuwait City, Kuwait.

<u>DEFENDANT'S BREACH OF CONTRACT</u>

4.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5.    By a time charter party dated February 2, 2006, Plaintiff, as disponent owner, chartered the M/V ROCKAWAY BELLE (the "Vessel") to Defendant, as Charterer, for a period of 90 days, 15 days more or less in Defendant's option, at a daily hire rate of $10,000 (the "Charter Party").

6.    The Vessel was delivered to Defendant by Plaintiff under the terms of the Charter Party.  The Vessel and Plaintiff performed their obligations under the contract and Defendant redelivered the Vessel to Plaintiff on or about May 30, 2006.

7.    On June 1, 2006, Plaintiff sent Defendant a hire statement showing a balance of hire due Plaintiff in the amount of $18,224.54.

8.    Plaintiff has repeatedly demanded that Defendant pay the outstanding balance of hire, but Defendant has failed and refused to pay said amount.

9.    As a result of Defendant's breach of charter, Plaintiff has incurred damages in the amount of $18,224.54,

2

plus interest.

## NEW YORK ARBITRATION

10.    The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in New York under United States law in accordance with the Rules of the Society of Maritime Arbitrators.

11.    Plaintiff reserves the right to demand arbitration from Defendant as authorized by the terms of the Charter Party and the provisions of the United States Arbitration Act, 9 U.S.C. §§1-14, specifically Section 8.

12.    The Charter Party, Clause 47, expressly provides that the arbitrators may award "costs, including a reasonable allowance for attorney's fees". Moreover, the award of interest, costs and attorneys' fees is expressly allowed by Rule 30 of the Rules of the Society of Maritime Arbitrators. Rule 30 provides that, "the Panel is empowered to award reasonable attorneys' fees and expenses or costs incurred by a party or parties in the prosecution or defense of the case." Such items are routinely awarded to the prevailing party by arbitrators in New York.

13.    As best as can now be estimated, the following amounts can be expected to be recovered in the action.

|   |   |   |
|---|---|---|
| A. | On the principal claim: | $18,224.54 |
| B. | Interest from 6/1/06 to 1/1/08 | 2,590.00 |

3

|  | Interest from 1/1/08 to 1/1/09 | 1,826.00 |
| C. | Attorneys' and arbitrators' fees: | 10,000.00 |
|  | TOTAL: | $32,640.54 |

## DEFENDANT NOT FOUND WITHIN THE DISTRICT

14.    Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are believed to be due and owing to Defendant.

15.    Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9

4

U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of
Defendant held by the aforesaid garnishees for the purpose of
obtaining personal jurisdiction over Defendant and to secure
Plaintiff's claims as described above.

       **WHEREFORE**, Plaintiff prays:

       A.    That process in due form of law issue against
Defendant citing it to appear and answer under oath all and
singular the matters alleged in the Complaint.

       B.    That since Defendant cannot be found within
this District pursuant to Rule B of the Supplemental Rules
for Certain Admiralty and Maritime Claims, this Court issue
an Order directing the Clerk of the Court to issue Process of
Maritime Attachment and Garnishment pursuant to Rule B of the
Supplemental Rules for Certain Admiralty and Maritime Claims
and also pursuant to the United States Arbitration Act, 9
U.S.C. §§ 1 and 8, attaching all tangible or intangible
property in whatever form or any other funds held by any
garnishee, including, but not limited to, ABN Amro Bank NV,
American Express Bank, Bank of America, Bank of
Communications New York Branch, Bank of New York, Barclays
Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase,
Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which
are due and owing to Defendant, in the amount of $32,640.54
to secure Plaintiff's claims and that all persons claiming
any interest in the same be cited to appear and pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

      C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

      D.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
           January 4, 2008

                      CARDILLO & CORBETT
                      Attorneys for Plaintiff
                      TBS MIDDLE EAST CARRIERS, LTD.

By:                        
                      Tulio R. Prieto (TP 8455)

                      Office and P.O. Address
                      29 Broadway, Suite 1710
                      New York, New York 10006
                      Tel: (212) 344-0464
                      Fax: (212) 797-1212

6

## ATTORNEY'S VERIFICATION

State of New York )
                 ) ss.:
County of New York)

    1.    My name is Tulio R. Prieto.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

7

behalf of the Plaintiff.

Tulio R. Prieto

Sworn to before me this
4th day of January, 2008

NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

8